RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

CARLOS M. LAZATIN (S.B. #229650)
clazatin@omm.com
MICHAEL REYNOLDS (S.B. #270962)
mreynolds@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JASON SHAPIRO and ANDREW FREITAS, on behalf of themselves and those similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FORD MOTOR COMPANY,<br><br>                    Defendant. | Case No. 2:15-cv-09200-AB-MRWx<br><br>**CLASS ACTION**<br><br>**FORD MOTOR COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE ALLEGATIONS IN COMPLAINT**<br><br>Hearing Date: June 27, 2016<br>Time:          10:00 a.m.<br>Place:         4<br>Judge:        Hon. Andre Birotte, Jr. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 27, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-captioned Court, located at 312 North Spring Street, Los Angeles, California, Defendant Ford Motor Company ("Ford") will request that the Court take judicial notice under Rule 201 of the Federal Rules of Evidence of the following documents in support of Ford's Motion to Dismiss and/or Strike Allegations in Complaint:

1. The 2013 Ford Explorer Owner Manual, the relevant excerpts of which are attached as Exhibit 1 to the Declaration of Michael Reynolds (the "Reynolds Declaration");

2. The 2013 Ford Focus Owner Manual, the relevant excerpts of which are attached as Exhibit 2 to the Reynolds Declaration;

3. The archived Ford Explorer Brochures & Guides webpage as it appeared on August 16, 2013, available on the Internet Archive at https://web.archive.org/web/20130816234540/http://www.ford.com/suvs/explorer/2013/brochures/, attached as Exhibit 3 to the Reynolds Declaration;

4. The archived Ford Support webpage as it appeared on October 15, 2012, available on the Internet Archive at https://web.archive.org/web/20121015043112/http://support.ford.com/, attached as Exhibit 4 to the Reynolds Declaration;

5. The archived Ford Owner Manuals webpage as it appeared on October 11, 2012, available on the Internet Archive at https://web.archive.org/web/20121011193023/https://owner.ford.com/servlet/ContentServer?pagename=Owner/Page/OwnerGuidePageVehicleLookup&BackToLogin=Owner/Page/OwnerGuidePage&ord=23587283, attached as Exhibit 5 to the Reynolds Declaration; and

6.   The complaint previously filed by Plaintiff Jason Shapiro in *Draeger v. Toyota Motor Corp.*, No. 2:15-CV-06491-AB-MRW (C.D. Cal. Aug. 26, 2015) ("*Draeger*"), Docket No. 1, attached as Exhibit 6 to the Reynolds Declaration.

Under Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a Rule 12(b)(6) motion, the court may consider documents that are the proper subject of judicial notice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). This rule serves the critical policy interest of "preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007) (citation omitted).

## I.   ARGUMENT

The Court should take judicial notice of the owner manuals, archived Ford webpages, and Mr. Shapiro's complaint in *Draeger* because: (1) the owner manuals and webpages are incorporated by reference in Plaintiffs' Complaint, which refers to and relies on "pre-sale vehicle documents" and "Ford Group's websites"; (2) the owner manuals and Ford webpages are accessible as they appeared when Plaintiffs purchased and leased their vehicles on the Internet Archive website, a source whose accuracy cannot be reasonably disputed; and (3) Mr. Shapiro's complaint in *Draeger* is a matter of public record.

### A.   The Owner Manuals, Available to Plaintiffs on Ford's Website Before Purchase, Are Incorporated By Reference in the Complaint

The Court may take judicial notice of the owner manuals for Plaintiffs' vehicles and the archived webpages as they appeared when Plaintiffs purchased and leased their vehicles because these documents are incorporated by reference in Plaintiffs' Complaint. Under the "incorporation by reference" doctrine, the Court

1    may take judicial notice of documents "whose contents are alleged in a complaint
2    and whose authenticity no party questions, but which are not physically attached to
3    the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
4    (citations omitted). The document need not be expressly named in the complaint—
5    judicial notice is appropriate if the "plaintiff's claim depends on the contents of the
6    document, the defendant attaches the document to its motion to dismiss, and the
7    parties do not dispute the authenticity of the document, even though the plaintiff
8    does not explicitly allege the contents of that document in the complaint." *Zella*,
9    529 F. Supp. 2d at 1131 (citing *Knievel*, 393 F.3d at 1076).

10       Plaintiffs allege throughout the Complaint that "Ford Group . . . failed to
11   disclose to Plaintiffs and/or concealed material information regarding the Defect
12   from Plaintiffs" (*see* Compl. ¶¶ 153(a), 177, 181, 195, 205, 221), specifically
13   alleging that "[s]uch information is not disclosed in any ***pre-sale documents***,
14   displays, advertisements, ***on Ford Group's websites***, or on any other ***pre-sale***
15   ***communication***" (*id.* ¶ 153(d)) (emphasis added). The Complaint asserts that
16   Plaintiffs' Counsel "collected and analyzed relevant pre-sale vehicle documents for
17   each of the Affected Vehicles, and there are *no warnings* whatsoever in the
18   Affected Automobiles' pre-sale materials to alert consumers of the deadly carbon
19   monoxide risks associated with the Defect" (*id.* ¶ 27 (emphasis in original)), and
20   that "Plaintiffs are aware of no document, communication, or other place or thing,
21   in which Ford Group disclosed the truth about the Defect in its Affected Vehicles to
22   consumers" (*id.* ¶ 153(d)).

23       The owner manuals for Plaintiffs' vehicles and the archived webpages on
24   which they were available are "pre-sale documents," "Ford Group's websites,"
25   "pre-sale communication[s]," and "pre-sale vehicle documents" on which Plaintiffs'
26   claims necessarily rely. The owner manuals were published and available on Ford's
27   website before Plaintiffs' purchases or leases (as demonstrated by the archived

28

- 3 -

webpages) and are also located within the vehicles at Ford dealerships. Plaintiffs'
fraudulent omission claims—in which they claim that Ford never disclosed to
consumers the lack of an automatic engine shut-off feature—necessarily rely on all
the documents Ford made available to consumers before purchase or lease,
including the owner manuals and Ford webpages. Thus, the manuals and webpages
are judicially noticeable under the incorporation by reference doctrine. *See Zella*,
529 F. Supp. 2d at 1131.

Indeed, when Mr. Shapiro filed his original complaint against Ford in
*Draeger v. Toyota Motor Corp.*, No. 2:15-CV-06491-AB-MRW (C.D. Cal. Aug. 26,
2015), he specifically alleged that his counsel had analyzed the owner manuals for
the subject vehicles for warnings about the alleged Defect. (*See* Reynolds Decl.
Ex. 5 (*Draeger v. Toyota Motor Corp.*, No. 2:15-CV-06491-AB-MRW (C.D. Cal.
Aug. 26, 2015), Dkt. No. 1 ¶ 1, n.1, ¶ 25.) After Ford filed its motion to dismiss in
*Draeger*, pointing out that the owner manual for Mr. Shapiro's vehicle specifically
disclosed the lack of an automatic engine shut-off feature, Mr. Shapiro filed his
"First Amended Class Action Complaint" (Compl. at 1), and referred instead to
"sales brochures" and "pre-sale vehicle documents" rather than the "vehicle
manuals" he had previously professed to have read:

| *Draeger* Complaint | Complaint |
|---|---|
| Paragraph 1, footnote 1: "Exhibit 1 is the result of hundreds of hours of research and was compiled based on analysis of thousands of pages of ***automotive manuals and*** sales brochures for each of the more than 1,500 models, submodels, and trim levels listed in Exhibit 1. The brochures ***and sales manuals*** confirm that: 1) each make representations of safety, and 2) each make no mention of the lack of Auto-Off safety defect as defined and described herein" (emphasis added). | Paragraph 1, footnote 1: "Exhibit 1 is the result of hundreds of hours of research and was compiled based on analysis of thousands of pages of sales brochures for each of the more than 1,500 models, submodels, and trim levels listed in Exhibit 1. The sales brochures confirm that each make no mention of the lack of Auto-Off as defined and described herein." |

| Paragraph 27: "[Defendants] have failed to recall, warn of the Defect in their **auto manuals or** sales brochures, or otherwise rectify Affected Vehicles and institute Auto-Off . . ." (emphasis added). | Paragraph 29: "Ford Group has failed to rectify or warn of the Defect in their sales brochures **or any other pre-sale materials**, or otherwise rectify Affected Vehicles and institute Auto-Off . . ." (emphasis added). |

The owner manuals are thus incorporated by reference in Plaintiffs' Complaint whether referred to as "pre-sale vehicle documents" (as they are named in the Complaint) or more explicitly as "automotive manuals" (as they are named in the *Draeger* Complaint). *See Zella*, 529 F. Supp. 2d at 1131 (judicial notice is intended to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"); *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 877 (1992) (under California law, "courts may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case *and other cases* (emphasis in original)); *Hills Transp. Co. v. Southwest Forest Industries, Inc.*, 266 Cal. App. 2d 702, 713 (1968) ("A pleader may not attempt to breathe life into a complaint by omitting relevant facts which made his previous complaint defective."). Because they are incorporated by reference in Plaintiffs' Complaint, the Court should take judicial notice of the owner manuals and archived Ford webpages.

## B. The Owner Manuals and Ford Webpages Are Easily and Readily Accessible and Cannot be Reasonably Disputed

The Court may also take judicial notice of the owner manuals and the archived webpages as facts that can be accurately and readily determined from a source—the Internet Archive and current webpages—whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (taking judicial notice of contents of archived webpages on the Internet Archive "Wayback Machine").

Publicly available information published on a website is judicially noticeable

1    as matters that can be "accurately and easily determined" from an accurate source

2    under Rule 201. *Reese v. Malone*, 747 F.3d 557, 570 (9th Cir. 2014) (taking judicial

3    notice of information posted on government website); *Matthews v. Nat'l Football*

4    *League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice

5    of information posted on defendant's website). And the contents of a website as it

6    appeared on a certain date, as shown on the Internet Archive (www.archive.org,

7    also known as the "Wayback Machine"), is judicially noticeable. *Wallack v. Idexx*

8    *Labs., Inc.*, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015) (taking judicial

9    notice of an archived webpage on the Internet Archive); *Erickson v. Nebraska*

10   *Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (same); *Tobinick*

11   *v. Novella*, 2015 WL 1526196, at *2 ¶ 12 (S.D. Fla. Apr. 2, 2015) (same);

12   *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014)

13   (same).

14          The Internet Archive is a database that continuously records and archives

15   websites as they appeared on certain dates. As explained by the federal district

16   court in the District of Delaware:

17          [The Internet Archive's] digital database is equivalent to a
            paper library, but is filled with digital media like websites
18          instead of books . . . . Internet Archive's database
            provides users with the ability to study websites that may
19          have been changed or no longer exist. The chronological
            records are compiled by routinely taking screenshots of
20          websites as they exist on various days. Internet Archive
            collects images through a process called crawling. A
21          crawler or robot is an automated program that scours the
            Internet and takes pictures of every web page that it is
22          instructed to visit . . . . Any person with a web browser
            can search Internet Archive's database of archived
23          images. Searching the database is accomplished via the
            Wayback Machine, which Internet Archive provides on
24          its website . . . . The Wayback Machine only provides a
            window into the past where users can see what a website
25          looked like on a specific date.

26   *Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 494 (D. Del.

27   2013). "[A]s a resource the accuracy of which cannot reasonable be questioned, the

28

- 6 -

1    Internet Archive has been found to be an acceptable source for the taking of judicial

2    notice." *Pond Guy, Inc. v. Aquascape Designs, Inc.*, 2014 WL 2863871, at *4 (E.D.

3    Mich. June 24, 2014).

4         The Plaintiffs' owner manuals are accessible on Ford's current website,[1] and

5    thus their contents cannot reasonably be questioned. *See Matthews*, 688 F.3d at

6    1113. The owner manuals were also accessible on Ford's website before Plaintiffs

7    obtained their vehicles in 2012 and 2013, a fact that can be easily and readily

8    determined from the Internet Archive.[2] The Court should therefore take judicial

9    notice of the contents of Ford's website, including the relevant owner manuals and

10   the archived webpages from the Internet Archive.

11       **C.**     **The Plaintiffs' Original Complaint is Part of the Public Record**

12         Finally, Mr. Shapiro's prior complaint is a matter of public record and

13   therefore should be judicially noticed. *See Schweitzer v. Scott*, 469 F. Supp. 1017,

14   1020 (C.D. Cal. 1979); *Draeger v. Toyota Motor Corp.*, No. 2:15-CV-06491-AB-

15   MRW (C.D. Cal. Aug. 26, 2015), Dkt. No. 1.

16 **II.**    **CONCLUSION**

17         For the foregoing reasons, the Court should take judicial notice of the owner

18   manuals, archived webpages, and the complaint in *Draeger*.

19

20

21

---

22 [1] Owner Manuals, FORD (Feb. 21, 2016, 3:44:00 PM), https://owner.ford.com/tools/

23 account/how-tos/owner-manuals-search-results.html.
[2] *See* 2013 Explorer Brochures & Guides, FORD (Aug. 16, 2013), https://web.

24 archive.org/web/20130816234540/http://www.ford.com/suvs/explorer/2013/

25 brochures/); Ford Ownership Tools, FORD, (Oct. 15, 2012) https://web.archive.org/
web/20121015043112/http://support.ford.com/; Ford Owner Manuals for Ford

26 Vehicles, Ford, (Oct. 11, 2012) https://web.archive.org/web/20121011193023/

27 https://owner.ford.com/servlet/ContentServer?pagename=Owner/Page/
OwnerGuidePageVehicleLookup&BackToLogin=Owner/Page/OwnerGuidePage&

28 ord=23587283.

FORD MOTOR COMPANY'S REQUEST
FOR JUDICIAL NOTICE
2:15-CV-09200-AB-MRWX

1

Dated:  February 22, 2016        Respectfully submitted,

2

3

                            O'MELVENY & MYERS LLP

4

5

                          By:    s/ Randall W. Edwards

6

                                    Randall W. Edwards
Attorneys for Defendant
Ford Motor Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD MOTOR COMPANY'S REQUEST
FOR JUDICIAL NOTICE
2:15-CV-09200-AB-MRWX