STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

MARTIS ANN ALEX (SBN 77903)
malex@labaton.com
DANIEL R. LEATHERS (*pro hac vice*)
dleathers@labaton.com
BRIAN R. MORRISON (*pro hac vice*)
bmorrison@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JASON SHAPIRO and ANDREW FREITAS, on behalf of themselves and those similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>FORD MOTOR COMPANY,<br><br>                              Defendant. | No. 2:15-cv-09200-AB-MRW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FORD MOTOR COMPANY'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      June 27, 2016<br>Time:      10:00 a.m.<br>Place:     Courtroom 4<br>Judge:    Hon. André Birotte, Jr. |

1

# I.    ARGUMENT

2

A party requesting judicial notice bears the burden to show that the documents

3

in question are properly the subject of judicial notice.  *See Harris v. Gipson*, 2015 WL

4

5999255, at *1 n.3 (C.D. Cal. July 21, 2015).  Defendant Ford Motor America, Inc.

5

("Ford") requests that the Court take judicial notice of the contents of certain owner

6

manuals and webpages.  Yet, for the reasons discussed below, Ford fails to show that

7

judicial notice is proper here.

8

**A.    Ford Has Not Shown that the Proffered Owner Manuals and Webpages**
**Have Been Incorporated by Reference into the Operative Complaint**

9

10

Under the doctrine of incorporation by reference, the Court may consider on a

11

Rule 12(b)(6) motion documents whose contents are alleged in the complaint,

12

"provided the complaint 'necessarily relies' on the documents or contents thereof, the

13

document's authenticity is uncontested, and the document's relevance is uncontested."

14

*Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1222, 1240 (N.D. Cal. 2014); *see also*

15

*United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1383 (C.D.

16

Cal. 2014) (rejecting incorporation by reference where relators' claims did not rely on

17

documents at issue).  Stated another way, district courts should not incorporate a

18

document by reference unless it is "*integral*" to the operative complaint and "*there are*

19

*no disputed issues as to the document's relevance*."  *Coto Settlement v. Eisenberg*, 593

20

F.3d 1031, 1038 (9th Cir. 2010) (emphasis added).  "[T]he mere mention of the

21

existence of a document is insufficient to incorporate the contents of a document."

22

*Id.*; *see also United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003)

23

(defendant's petition to the DEA was not incorporated by reference where it was not

24

*referenced extensively* and it was not *integral* to defendant's claim).

25

Incorporation by reference is particularly inappropriate in a deceptive marketing

26

case where the plaintiffs have not alleged that they were misled by the documents at

27

issue, or even saw the documents, prior to purchasing the product.  *See Missud v.*

28

*Oakland Coliseum Jt. Venture*, 2013 WL 812428, at *11 (N.D. Cal. Mar. 5, 2013).  In

1  that case, the complaint does not *necessarily rely* on the documents and the documents

2  are not *integral* to plaintiff's claim.  *See id.* (finding that the contents of defendant's

3  webpages were not centrally related to plaintiff's claim for deceptive marketing where

4  plaintiff neither alleged that he was misled by those webpages nor that he saw them

5  prior to purchasing the concert tickets at issue).

6        Ford contends that Plaintiffs have incorporated the cited owner manuals by

7  reference into the operative complaint because the complaint alleges that the truth

8  about the Defect "is not disclosed in any pre-sale documents, displays, advertisements,

9  on Ford Group's websites, or on any other pre-sale communication."  Ford's RJN at 3.

10  Put in context, Plaintiffs actually allege:

11            Despite counsel's review and analysis of marketing
          materials, sales brochures, and other pre-sale enticements to
12            purchase each of its Affected Vehicles, Plaintiffs are aware
          of no document, communication, or other place or thing, in
13            which Ford Group disclosed the truth about the Defect in its
          Affected Vehicles to consumers. Such information is not
14            disclosed in any pre-sale documents, displays,
          advertisements, on Ford Group's websites, or on any other
15            pre-sale communication.

16  Compl., ¶ 153(d).

17        Plaintiffs do not refer to owner manuals in the operative complaint, and they

18  certainly do not do so *extensively*.[1]  The cited manuals are simply *not integral* to

19  Plaintiffs' claims, since Plaintiffs do not allege that they were misled by the manuals

20  or even exposed to them before purchasing the Affected Vehicles.  *See Missud*, 2013

21  WL 812428, at *11; *see also Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 795 (N.D.

22  Cal. 2011) (rejecting incorporation by reference of certain Help Center webpages on

23  Facebook since "it does not follow that a member would necessarily see the other

24  Help Center pages Facebook submits").  Consequently, the operative complaint does

25

26       [1] There are references to "pre-sale" materials in the complaint, by which Plaintiffs
plainly were referring to "pre-sale enticements to purchase each of the Affected
27  Vehicles," *not* owner manuals.  By definition, "owner" manuals are a reference tool
for "owners"—not prospective purchasers.  Common experience also confirms that a
28  reasonable purchaser does not review an owner manual prior to purchase.

not necessarily rely on the manuals, and the Court should not consider such materials on a motion to dismiss.

In any event, Plaintiffs dispute the relevance of the cited owner manuals. As noted above, Plaintiffs do not allege that they saw the cited owner manual materials before purchasing their Affected Vehicles. At the same time, the owner manuals are not the sort of pre-sale marketing materials that Ford used to entice purchase of the Affected Vehicles.

The cited webpages fare no better. There is a single reference to Ford's website in all of the lengthy complaint (Compl., ¶ 153(d)), and it is in the context of noting that Plaintiffs' counsel (as part of their case investigation) reviewed the website and did not see a disclosure of the truth about the Defect. The complaint does not allege that Plaintiffs were misled by the cited webpages or reviewed them prior to purchase. Plaintiffs' claims are not based on the owner manuals *or* the cited webpages, and at a minimum, there are disputed issues as to the relevance of the webpages.

Ford's own authority, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005), undercuts its position on incorporation by reference. RJN at 3. In *Knievel*, the plaintiff claimed that a website photo was defamatory, and attached the allegedly defamatory photo to the complaint. The Ninth Circuit recognized that website viewers must access and view certain surrounding photos that precede the challenged photo. By contrast, Ford does not show (and indeed cannot show) that Plaintiffs must have viewed the contents of the owner manuals before they purchased their Affected Vehicles. Likewise, Ford does not show that Plaintiffs saw webpages referring to owner manual links (much less the content of the owner manuals). And, while Plaintiffs may not deliberately omit reference to documents "upon which their claims are based" (*see Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129, 1131 (C.D. Cal. 2007)), Plaintiffs do not base their claims on owner manuals. Indeed, Plaintiffs do not claim to have seen the manuals prior to purchase of the Affected Vehicles.

Ford also relies on allegations from the original *Draeger* Complaint (now

1  "*Lassen*").  RJN at 4.  Notably, the cited allegations are not part of the First Amended

2  Complaint in *Lassen* or the operative complaint here.  "[I]t is well-established that an

3  amended pleading supersedes the original pleading and renders it of no legal effect,

4  unless the amended complaint incorporates by reference portions of the prior

5  pleading."  *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014)

6  (refusing to consider facts cited from prior version of complaint that was subsequently

7  amended); *see also Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-05 (7th Cir.

8  1998) (holding that if certain facts or admissions from the original complaint are

9  superseded by an amended pleading, "they cannot be considered by the court on a

10  motion to dismiss the amended complaint").  Ford tries to circumvent established

11  federal law by arguing that the Court could take judicial notice of earlier pleadings

12  under California law, but *federal law* governs judicial notice here—not California law.

13  *See Oliver v. U.S. Bank, N.A.*, 2012 WL 2376677, at *1 (N.D. Cal. June 22, 2012).

14  Regardless, mere reference to auto manuals in an old pleading is not enough for

15  incorporation by reference; the manuals would need to be integral to Plaintiffs'

16  pending claims, and here, they are not.

17      In sum, incorporation by reference would be improper because the operative

18  complaint *does not necessarily rely* on the owner manuals (or cited webpages), the

19  cited materials are *not integral* to Plaintiffs' claims, and in any event, Plaintiffs *dispute*

20  *the relevance* of the documents at issue.

**B.     Ford Has Not Shown That the Contents of the Proffered Owner Manuals Are Beyond Reasonable Dispute Based on Their Source**

22      Under Federal Rule of Evidence 201(b)(2), the court may judicially notice a fact

23  that is "not subject to reasonable dispute" in that it "can be accurately and readily

24  determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

25  Evid. 201(b)(2); *see also United States ex rel. Modglin*, 48 F. Supp. 3d at 1379.  As

26  the Advisory Committee notes to Rule 201 state, "*[a] high degree of indisputability is*

27  *the essential prerequisite*" for a court to take judicial notice of a particular fact.  Fed.

---

PLAINTIFFS' OPPOSITION TO FORD'S REQUEST FOR JUDICIAL NOTICE - 4
010541-15  857048 V1

1   R. Evid. 201 (advisory committee notes) (emphasis added).

2         Plaintiffs in this case dispute that the cited owner manuals come from sources

3   whose accuracy cannot reasonably be questioned—and Ford fails to show otherwise.

4   District courts in this Circuit generally decline to take judicial notice of documents

5   that are simply available on the Internet—as opposed to available on *government*

6   websites.  *See, e.g.*, *Gustavson v. Mars, Inc.*, 2014 WL 2604774, at *3 (N.D. Cal. June

7   10, 2014) (denying judicial notice of Grocery Manufacturer's *Association Style Guide*,

8   though available on the Internet; it is not apparent that the document comes from

9   sources whose accuracy cannot reasonably be questioned).  Significantly, district

10  courts are *very reluctant* to take judicial notice of materials linked to a party's own

11  website.  "[P]rivate corporate websites, particularly when describing their own

12  business, generally are not the sorts of 'sources whose accuracy cannot reasonably be

13  questioned,' . . . that our judicial notice rule contemplates."  *Azco Biotech, Inc. v.*

14  *Qiagen*, 2013 WL 4500782, at *3 n.5 (S.D. Cal. Aug. 20, 2013).  To be sure, this

15  district court recently explained:

16              Although [plaintiff] appears to argue that authenticity and
            accuracy concerns are not present with respect to
17          information found on defendants' websites, the court cannot
            agree. Federal courts considering the issue have expressed
18          skepticism as to whether it is appropriate to take judicial
            notice of information or documents appearing on websites
19          that are created and maintained by a party to the litigation.

20                          * * *
            "This Court concludes that federal courts should be very
21          reluctant to take judicial notice of information or documents
            that appear exclusively on websites which have been created
22          and are maintained by one of the parties to a case unless that
            party is a governmental body and the website is maintained
23          not to further the business interests of the party but to
            provide a source of public information."

24  *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030-31

25  (C.D. Cal. 2015) (declining to take judicial notice of information

26  available on defendant Warner Bros' website) (quoting *Koenig v. USA*

27  *Hockey, Inc.*, 2010 WL 4783042, at *3 (S.D. Ohio June 14, 2010)).

28

1   Here, too, it would be inappropriate to take judicial notice of the contents of the

2   proffered owner manual materials (or linked website pages) simply because they are

3   available on Defendant's website.  In essence, Ford—a party of interest in this case—

4   cannot show that its own website is a source whose accuracy cannot reasonably be

5   questioned.[2]  Accordingly, this Court should decline to take judicial notice of the

6   materials cited by Ford.[3]

7   **C.     The Court Should Not Take Judicial Notice of a Prior Complaint that Was Superseded by an Amended Complaint**

8

9   Ford seeks judicial notice of a superseded complaint, one that was subsequently

10  amended.  The original complaint in *Lassen* is of no effect.  *See Williams*, 26 F. Supp.

11  3d at 936.  On a motion to dismiss, the Court should not consider allegations from a

12  superseded complaint insofar as the cited allegations are not part of the operative

13  complaint.  *See id.*; *see also Kelley*, 135 F.3d at 1204-05.

**II.     CONCLUSION**

14

15  For the reasons set forth above, Plaintiffs respectfully request the Court to deny

16  Ford's request for judicial notice as to the cited owner manuals, webpages, and

17  superseded complaint.

18

19

20  [2]  A party with an interest in the outcome of a case "is not a source whose accuracy cannot reasonably be questioned."  *Loumena v. Kennedy*, 2015 WL 5963988, at *8 (N.D. Cal. Oct. 13, 2015); *see also Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir. 2008) (ruling that a former employee declarant "is not a source 'whose accuracy cannot reasonably be questioned'"); *Star Varga v. United Airlines*, 2009 WL 2246208, at *5 (N.D. Cal. July 24, 2009).

21

22

23  [3]  By and large, Ford's case cites do not support its Request for Judicial Notice. For example, in *Reese v. Malone*, 747 F.3d 557, 570 n.8 (9th Cir. 2014) judicial notice was sought for information on a *government* website.  In *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012). the plaintiff did not object to judicial notice or question the accuracy of the facts at issue on the NFL website.  Likewise, there was no opposition to judicial notice in *Wallack v. IDEXX Labs., Inc.*, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015).  And, in *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 (N.D. Cal. June 25, 2014), the court incorporated webpages by reference regarding a claim based on plaintiff's website purchase and plaintiff's express reliance on the webpages; the court did not invoke Rule 201(b)(2).

24

25

26

27

28

| | |
|---|---|
| 1 | Dated:  April 18, 2016 |

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lee M. Gordon (SBN 174168)
Elaine T. Byszewski (SBN 222304)
Hagens Berman Sobol Shapiro LLP
301 N. Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
lee@hbsslaw.com
elaine@hbsslaw.com

LABATON SUCHAROW LLP

Martis Ann Alex (SBN 77903)
Daniel R. Leathers (*pro hac vice*)
Brian R. Morrison (*pro hac vice*)
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
malex@labaton.com
dleathers@labaton.com
bmorrison@labaton.com

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Steve W. Berman*

STEVE W. BERMAN